UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY PAUL SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MUNICIPALITY OF FRESNO COUNTY, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00651-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF BE DENIED<br><br>(ECF NOS. 8 & 11.) |

　　　　Gary Paul Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on May 14, 2019, (ECF No. 1.), and his First Amended Complaint on June 10, 2019. (ECF No. 6.) Plaintiff's First Amended Complaint generally alleges that Defendants Dr. Kongara, Dr. Levy, and appeals nurse Zachary Taylor acted with deliberate indifference to Plaintiff's serious medical needs.[1]

　　　　On November 7, 2019, the undersigned screened Plaintiff's First Amended Complaint and found that it failed to state any claims upon which relief could be granted; thus, Plaintiff was given the option of (1) filing an amended complaint, or (2) notifying the Court that he wishes to stand on the complaint, in which case findings and recommendations would be issued to the

---

[1] A summary of the factual allegations in Plaintiff's First Amended Complaint can be found in the Court's screening order. (ECF No. 7.)

1

district judge consistent with the screening order. (ECF no. 21.) To date, Plaintiff has not responded to the Court's screening order.

Prior to the Court issuing its screening order, Plaintiff filed two motions for injunctive relief, which are addressed in these findings and recommendations.

### 1. Plaintiff's June 26, 2019 Motion for a Temporary Restraining Order

Plaintiff first filed a motion for a temporary restraining order on June 26, 2019. (ECF No. 8.) This first motion seeks an order halting restitution payment "illegally ordered by Judge Ralph Nunez in Fresno County, Case #671707-8 Superior Court on 1/23/03," and an order to "CDCR to stop taking 55%." (ECF No. 8.) According to Plaintiff, the restitution fines make it virtually impossible for him to purchase life's necessities, much less amenities. Plaintiff asserts that the judge in his underlying criminal case did not orally pronounce the entire sentence in his presence and maintains that he would have objected had any fine or restitution been announced in his presence. Plaintiff states that at no time in any of the proceedings leading to his conviction was there "ever a mention of a fine or restitution," and that he "most likely would have disagreed" with a fine or restitution. (*Id.*).

To obtain injunctive relief, the moving party must show: "(1) a likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm absent preliminary injunctive relief; (3) that the balance of equities tips in the moving party's favor; and (4) that preliminary injunctive relief is in the public interest." *Horisons Unlimited v. Santa Cruz-Monteray-Merced Managed Medical Care Com'n*, 2014 WL 345237 at *1 (E.D. Cal. Jan. 29, 2014) (citation omitted). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citation omitted). Moreover, "[w]hen a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have authority to issue an injunction." *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 633 (9th Cir. 2015).

Here, the Court recommends that Plaintiff's first motion for injunctive relief be denied. First, Plaintiff's First Amended Complaint alleged causes of action based upon medical

indifference—there was no mention of the invalidity of the restitution aspect of his conviction. Thus, the Court lacks the authority to enter the injunction Plaintiff seeks. *Id.* ("A court's equitable power lies only over the merit of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not authority to issue an injunction.").

Second, Plaintiff appears to be challenging the validity of the restitution aspect of his conviction. To the extent Plaintiff is challenging the legality of the underlying restitution order, such a claim would be barred under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), which generally precludes a claim for damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid. *See Perez, v. Ducart*, 2019 WL 3457841 at *3 (N.D. Cal. July 29, 2019) ("Because Plaintiff is challenging the validity of the restitution aspect of his conviction and the conviction has not been invalidated, his due process claim is subject to the *Heck* bar."); *Garland v. Cate*, 2013 WL 129298 at *4 (E.D. Cal. Jan. 9, 2013) (same). Plaintiff cannot challenge any part of his sentence through a civil action under 1983.  He must pursue his appeals and potentially file a petition for habeas corpus.  Because this portion of his sentence has not been invalidated through the appeals and/or habeas process, it cannot be pursued in this case.  Thus, Plaintiff fails to show the likelihood of success on the merits necessary to support injunctive relief.

Third, Plaintiff sues three Defendants pursuant to the First Amended Complaint: Dr. Kongara, Dr. Levy, and appeals nurse Zachary Taylor. Plaintiff fails to allege than any of these Defendants had a role in the implementation of the restitution portion of Plaintiff's conviction, again weighing against a likelihood of success on the merits. *See Scalia v. County of Kern*, 308 F.Supp.3d 1064, 1072 (E.D. Cal. 2018) (explaining that § 1983 requires that there be an actual connection or link between the actions of Defendants and the constitutional deprivations alleged to have been suffered by Plaintiff) (citation omitted).

For these reasons, it is recommended that Plaintiff's first motion for injunctive relief be denied.

\\\

## 2. Plaintiff's September 18, 2019 Motion for Injunctive Relief

On September 18, 2019, Plaintiff filed a second motion, urging the Court to issue an order to show cause to Defendants why preliminary injunctive relief should not be awarded to Plaintiff pursuant to Federal Rule of Civil Procedure 65(a). (ECF No. 11.) The second motion contains no argument or attempt to demonstrate how Plaintiff could succeed on the merits. It merely states that Plaintiff is entitled to an order for Defendants to "stop taking 55% restitution and return all monies they've taken from me since 4 or 5 2004." (*Id.*) The Court construes the second motion as one for injunctive relief and recommends that it be denied for all the reasons listed above in relation to the first motion for injunctive relief.

Accordingly, the Clerk of Court is ORDERED to assign a district judge to this case, and it is HEREBY RECOMMENDED that:

1. Plaintiff's June 26, 2019 motion for a temporary restraining order (ECF No. 8.) be denied; and
2. Plaintiff's September 18, 2019 motion for injunctive relief (ECF No. 11.) be denied.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).
IT IS SO ORDERED.

Dated: **November 25, 2019**              /s/ Eric P. Groj
                                          UNITED STATES MAGISTRATE JUDGE