UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY PAUL SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MUNICIPALITY OF FRESNO COUNTY, et al.,<br><br>　　　　Defendants. | No.  1:19-cv-00651-DAD-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF<br><br>(Doc. Nos. 8, 11) |

   Plaintiff Gary Paul Smith is a state prisoner appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

   On June 26, 2019, plaintiff filed a motion for a temporary restraining order to halt restitution payments that he claimed were "illegally ordered" by the Fresno County Superior Court.  (Doc. No. 8.)  On September 18, 2019, plaintiff filed an "Order to Show Cause for Preliminary Injunction and Temporary Restraining Order," in which plaintiff requested an order from the court enjoining defendants "to stop taking 55% restitution and return all monies they've taken from me since 4 or 5 2004."  (Doc. No. 11.)  The assigned magistrate judge construed plaintiff's filings as motions seeking injunctive relief and issued findings and recommendations on November 26, 2019 recommending that both motions be denied on the grounds that:  (1) the

1 court lacks jurisdiction to enter the injunction plaintiff seeks because his complaint alleges claims
2 based on deliberate indifference to his medical needs and does not mention injunctive relief
3 relating to restitution ordered in his state court criminal proceeding; and (2) plaintiff failed to
4 show a likelihood of success on the merits particularly because his claim challenging the validity
5 of the restitution aspect of his judgment of conviction in state court would be barred under *Heck*
6 *v. Humphrey*, 512 U.S. 477, 487 (1994), and plaintiff had failed to allege a causal link between
7 the defendants and the alleged constitutional deprivation as well as whether they played a role in
8 the imposition of the challenged restitution order. (Doc. No. 22.) The findings and
9 recommendations were served on plaintiff and contained notice that any objections thereto were
10 to be filed within twenty-one (21) days after service. (*Id.* at 4.) To date, no objections to the
11 pending findings and recommendations have been filed, and the time in which to do so has now
12 passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on November 26, 2019 (Doc. No. 22) are adopted in full;
2. Plaintiff's motion for a temporary restraining order filed on June 26, 2019 (Doc. No. 8) is denied; and
3. Plaintiff's motion for injunctive relief filed on September 18, 2019 (Doc. No. 11) is also denied.

IT IS SO ORDERED.

Dated: **February 25, 2020**

UNITED STATES DISTRICT JUDGE

2