# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY PAUL SMITH,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SECRETARY CORRECTIONS RALPH DIAZ ,et al.,<br><br>　　　　Defendants. | CASE NO. 1:19-cv-00651-DAD-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT FOURTH AMENDED COMPLAINT BE DISMISSED FOR FAILURE TO COMPLY WITH PLEADING STANDARDS<br><br>(ECF No. 41) |

　　　　Gary Paul Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. Plaintiff filed the complaint commencing this action on May 14, 2019. (ECF No. 1). Plaintiff filed a First Amended Complaint on June 10, 2019. (ECF No. 6). The Court screened Plaintiff's First Amended Complaint, found that it failed to state any cognizable claims, provided relevant legal standards concerning deliberate indifference to a medical needs in violation of the Eighth Amendment, and gave Plaintiff leave to amend on November 7, 2019. (ECF No. 21). Plaintiff filed a Second Amended Complaint ("SAC") on November 27, 2019, (ECF No. 23), and filed a Third Amended Complaint ("TAC") on December 26, 2019 (ECF No. 27).

　　　　On April 10, 2020, the Court screened the TAC and analyzed the SAC, again found that

1  both failed to state any cognizable claims, again provided relevant legal standards, and again gave
2  Plaintiff leave to amend—now for a fourth time. (ECF No. 35). On April 24, 2020, Plaintiff
3  informed the Court he wished to stand on his Third Amended Complaint along with his First and
4  Second. (ECF No. 36). On May 1, 2020, Plaintiff also filed a petition for a writ of habeas corpus,
5  placing this action's file number on the form. (ECF No. 37). Some of the claims there repeat
6  those in his three complaints. The Court surmised that the petition sought a writ of habeas corpus
7  and that Plaintiff erroneously placed this file number on the action, so the Court ordered the Clerk
8  of Court to open a new file for it. (ECF No. 38).

9       On May 7, 2020, the Court issued its findings and recommendations, recommending that
10 Plaintiff's Third Amended Complaint be dismissed for failure to state a claim, and for failure to
11 follow pleading rules. The Court recommended that Plaintiff be granted leave to file a Fourth
12 Amended Complaint of no more than 20 pages. (ECF No. 39).

13      Plaintiff filed his objections on May 18, 2020. (ECF No. 40). Then on June 2, 2020, he
14 filed a Fourth Amended Complaint, which was 19 pages long. (ECF No. 41). The Court vacated
15 its findings and recommendations. (ECF No. 42).

16      For the reasons below, the Court recommends that this case be dismissed for failure to
17 comply with pleading standards.

18 **I.    PROCEDURAL BACKGROUND**

19      On May 14, 2019, Plaintiff filed a complaint asserting claims under the First, Fifth, Sixth,
20 Eighth, Tenth, Eleventh, Thirteenth, and Fourteenth Amendments to the U.S. Constitution, as
21 well as twenty-one state constitutional rights.  (ECF No. 1.) Plaintiff sought $900,000,000 from
22 various state and local government officials.

23      Plaintiff then filed a First Amended Complaint on June 10, 2019, asserting one claim
24 concerning inadequate medical care. (ECF No. 6.)

25      On September 30, 2019, the Court ordered Plaintiff to show cause why the action should
26 not be dismissed without prejudice for failing to exhaust his administrative appeals. (ECF No.
27 15.) Plaintiff filed two responses: one on October 3, 2019, (ECF No. 18), and one on October 21,
28 2019, (ECF No. 19). These responses totaled 46 pages.

This Court screened the First Amended Complaint on November 7, 2019 and found no cognizable claims. (ECF No. 21.)  The Court provided relevant legal standards for Section 1983 as well as deliberate indifference to serious medical needs under the Eighth Amendment.

Then on November 27, 2019, Plaintiff lodged a 133-page Second Amended Complaint ("SAC"). (ECF No. 23.) The caption for the defendants reads: "Municipality Fresno County, & AL Because of number of defendants & enormity of issues, All will be referred to as defendants." He checked a box indicating there are more defendants. Pages 1-A through 4-A of the SAC contain mostly legal arguments, though a few other defendants are named.

On December 26, 2019, Plaintiff lodged the Third Amended Complaint, ("TAC"), which is 73 pages long. (ECF No. 27.) It listed well over 50 defendants. Plaintiff did not seek leave to amend the SAC before lodging the TAC.

The Court reviewed both the Second and Third Amended Complaints and found that neither stated a claim. (ECF No. 35). In its screening order, the Court retroactively granted Plaintiff leave to amend the TAC, accepted the TAC for filing, and vacated its Order to Show Cause, (ECF No. 15). (ECF No. 35 at 2).  The Court explained the requirement under Rule 8 to provide a short and plan statement of the claim showing that the pleader is entitled to relief.  It also explained the prohibition under Rules 18 and 20 against asserting a myriad of unrelated claims against different defendants.[1] (ECF No. 35, at p. 9).

In its screening order, the Court directed Plaintiff to either: 1) file an amended complaint; or 2) notify the Court in writing that he wants to stand on his current complaint, subject to this Court issuing findings and recommendations to the assigned district judge consistent with the screening order.  (*Id.* at 7-8). The Court informed Plaintiff that amended complaints supersede original complaints, and they must be complete in themselves without reference to prior or

---

[1] The second screening order included nine pages of potentially applicable legal standards regarding section 1983; Federal Rules of Civil Procedure 8, 18, and 20; deprivation of life's necessities; legal mail; procedural and substantive due process in relation to withdrawal of money from a prison trust account; library access; the Fourteenth Amendment's protection of privacy; the Privacy Act of 1974; deliberate indifference to serious medical needs; Title II of the Americans with Disabilities Act; Section 504 of the Rehabilitation Act; and the need to separate petitions for writs of habeas corpus from Section 1983 proceedings.

superseding pleadings. (*Id*. at 7).

On April 24, 2020, Plaintiff informed the Court he wished to stand on his Third Amended Complaint along with his First and Second. (ECF No. 36). Plaintiff requested that the District Judge review all materials he sent, including the 167-page filing in response to the Court's second screening order. (*Id.* at 1).

On May 7, 2020, the Court issued its findings and recommendations, recommending that Plaintiff's Third Amended Complaint be dismissed for failure to state a claim, and for failure to follow pleading rules. The Court recommended that Plaintiff be granted leave to file a Fourth Amended Complaint of no more than 20 pages. (ECF No. 39).

Plaintiff filed his objections on May 18, 2020. (ECF No. 40). Then on June 2, 2020, he filed a Fourth Amended Complaint, which was 19 pages long. (ECF No. 41). The Court vacated its findings and recommendations. (ECF No. 42).

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 4), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual

1  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting

2  *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this

3  plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not

4  required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681

5  (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal

6  conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

7  Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal

8  pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that

9  *pro se* complaints should continue to be liberally construed after *Iqbal*).

10  **III.    SUMMARY OF FOURTH AMENDED COMPLAINT**

11  In his fourth amended complaint, Plaintiff alleges as follows:

12  Governor Newsome [sic], Secretary Diaz, Judge Simpson, and other individuals "[a]ll are

13  guilty of suppressing evidence, due process, cruel & unusual punishment having [Plaintiff] pay

14  not only excessive but illegally ordered fines."

15  Next, Plaintiff alleges Defendants C/O Brockway and C/O Bishop ("Brockway" and

16  "Bishop") have caused and continue to cause Plaintiff severe pain: physically, mentally, and

17  emotionally. Plaintiff is 6' tall and weighs 185 lbs. He was being pushed in a wheelchair, coming

18  back from the hospital after ingesting 1,800 mg of Dilantin. The hospital had Plaintiff on pain

19  relievers and other medications. Plaintiff was unable to stand on his own, so he was being pushed

20  in a wheelchair. Defendant C/O Brockway ("Brockway") saw Plaintiff being pushed in a

21  wheelchair by Defendant C/O Bishop ("Bishop"). Brockway immediately started screaming at

22  Plaintiff, get out of that chair, and kept on and on until Plaintiff tried to comply. Plaintiff fell on

23  his face, breaking his nose and opening a 4.5" gash on the top of his head, causing extreme pain.

24  Plaintiff alleges he was housed "on a top tier on several [occasions] not once or twice,"

25  and several times he fell off from the top tier at R.J.D, and "[a]lso while leaving library at SCC."[2]

26  Plaintiff also alleges "Interference of prisoners right to judicial determination of violated

---

[2] These allegations appear to relate to Plaintiff's claims in his Third Amended Complaint that he was improperly housed on an upper tier when he in fact had a chrono for a lower tier. *See* ECF No. 27, at 14.

rights. Tehachapi opening & reading legal mail not once but 7 times. Court has 4 of letters & appeal Petitioner won. CCI is admitting guilt."

Plaintiff was subjected to cruel and unusual punishment for the very inadequate treatment of his back for ten years and his hip for fourteen years. He has been in incredible pain.

Plaintiff requests a change in venue.

Plaintiff also includes five pages of legal argument that he states "are for benefit Commission Judicial Procedure & 9th Circuit & Federal Court of Appeals."

Plaintiff argues that he is entitled to discovery concerning files held by Fresno County Court.

Plaintiff lists the following as defendants: Secretary Corrections Ralph Diaz; Warden of WSP & CMO, names unknown; Warden of MCSP & CMO & Head Pharm; Warden of SCC & CMO, Warden Name Unknown St. Clair & PCP Dr. Fred Krpan; Governor Gavin Newsome; Judge Alan Simpson; Unknown – C/O's Brockway & Bishop; Unknown, St Clair, Fred Krpan.

**IV.    EVALUATION OF PLAINTIFF'S CLAIMS**

   **A.    Legal Standards for Pleading Requirements**

As the Court has informed Plaintiff numerous times, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. The complaint must specifically state what each defendant did that violated the plaintiff's constitutional rights.

Plaintiff's Fourth Amended Complaint does not comply with this rule.  It does not include a short and plan statement of the claim showing that Plaintiff is entitled to relief.  Plaintiff's claims against most of the defendants are conclusory statements. For instance, the first three sentences state: "Governor Newsome, Secretary Diaz, Judge Simpson, & Warden & C.M.O. of W.S.P., Warden, C.M.O., Chief Pharmacist of MCSP, Warden, CMO-St Clair & PCP Fred Krpan of SCC. All are guilty of suppressing evidence, due process, cruel & unusual punishment having Petitioner, pay not only excessive but illegally ordered fines. These persons have made &

6

enforced laws & or rules that have not only abridge but deprived Petitioner of many civil liberties." From these statements, the Court cannot determine what, exactly, each of those named defendants did. The Court was unable to locate any further references to them.  The allegations also fail to provide notice to defendants regarding what is being asserted against them, so they can meaningfully defend themselves.  Thus, the FAC does not comply with Rule 8 because it does not contain a short and plain statement of his claims showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a).

### B. Rules 18 and 20 Related Claims Requirement

Also as the Court has repeatedly informed Plaintiff, the complaint must also comply with the requirements of Federal Rules of Civil Procedure 18 and 20. Under these rules, a plaintiff may not proceed on a myriad of unrelated claims against different defendants in a single action. Fed. R. Civ. P. 18(a), 20(a)(2).

> The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)."

*K'napp v. California Dept. of Corrections*, 2013 WL 5817765, at *2 (E.D. Cal., Oct. 29, 2013), *aff'd sub nom. K'napp v. California Dept. of Corrections & Rehabilitation*, 599 Fed. Appx. 791 (9th Cir. 2015) (alteration in original) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also* Fed. R. Civ. P. 20(a)(2) ("Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.").

Many of factual allegations Plaintiff states are completely unrelated. For instance, Plaintiff

7

alleges that his legal mail was opened on seven occasions. He also alleges he was ordered to stand up when he was unable to do so, which resulted in an injury. He further alleges he was placed on the top tier. These claims are not related and violate Federal Rules of Civil Procedure 18 and 20.

## V.   DISMISSAL FOR FAILURE TO FOLLOW RULES 8, 18 AND 20 IS PROPER

As explained in *Hearns v. San Bernadino Police Department*, the Ninth Circuit affirms dismissals for failure to follow pleading rules:

> We affirmed a district court's dismissal on Rule 8 grounds in *McHenry v. Renne,* 84 F.3d 1172 (9th Cir.1996). Not only was the first complaint at issue in that case lengthy; it set out its claims in two sentences, which comprised 30 lines, without specifying which of the 20 named defendants were liable for which claims. *Id.* at 1174. To make matters worse, in response to the district court's order to file an amended complaint " 'which clearly and concisely explains which allegations are relevant to which defendants,' " the plaintiffs filed an amended complaint that was longer than the first complaint. *Id.* (quoting district court's order). The district court then gave the plaintiffs a final opportunity to file a proper complaint " 'which states clearly how each and every defendant is alleged to have violated plaintiffs' legal rights.... [P]laintiffs would be well advised to edit or eliminate their twenty-six page introduction and focus on linking their factual allegations to actual legal claims.' " *Id.* at 1176 (quoting district court's order). We affirmed the district court's dismissal of the final amended complaint, which we described as "argumentative, prolix, replete with redundancy, and largely irrelevant," *id.* at 1177, noting that "[o]nly by months or years of discovery and motions [could] each defendant find out what he is being sued for," *id.* at 1178. Considering Rule 41(b), we concluded that the district court had not abused its discretion because it had already given the plaintiffs multiple opportunities to comply, along with specific instructions on how to correct the complaint. *Id.* at 1178–79.
>
> In *Nevijel* [*v. N. Coast Life Ins. Co.*]*,* 651 F.2d 671 [(9th Cir. 1981)], we upheld a Rule 8(a) dismissal of a 48–page complaint that contained an additional 23 pages of addenda and exhibits. The complaint was characterized as " 'verbose, confusing and almost entirely conclusory.' " *Id.* at 674. After the district court dismissed the original complaint without prejudice, the plaintiff filed a late amended complaint that "named additional defendants without leave of court, and was equally as verbose, confusing and conclusory as the initial complaint." *Id.* We found no abuse of discretion because the district court provided "reasonable opportunities and alternatives" before dismissing with prejudice; in light of the fact that the plaintiff offered no excuse for the late filing and utterly failed to comply with the district court's order, there was no reason to think that an additional opportunity would yield different results. *See id.*
>
> In *Schmidt* [*v. Herrmann*, 614 F.2d 1221 (9th Cir. 1980)]*,* the complaint was 30 pages long. It was "impossible to designate the cause or causes of action

8

> attempted to be alleged in the complaint." 614 F.2d at 1223. The complaint was described as a "confusing statement of a non-existing cause of action" and as "confusing, distracting, ambiguous, and unintelligible." *Id.* at 1224. Additionally, the complaint's conclusory allegations did not satisfy the heightened pleading requirement for averments of fraud. *Id.* The Ninth Circuit upheld the dismissal of the action following two amendments of the original complaint. *Id.* at 1223–24.
>
> In *Gillibeau v. City of Richmond,* 417 F.2d 426, 431–32 (9th Cir.1969), one of the claims named seven defendants. As to only one of these defendants, that claim was dismissed for failing to comply with Rule 8(a)(2). This court reversed the dismissal based on Rule 8(a)(2). In doing so, this court stated that "a dismissal for a violation under Rule 8(a)(2), is usually confined to instances in which the complaint is so 'verbose, confused and redundant that its true substance, if any, is well disguised.' " *Id.* at 431 (quoting *Corcoran v. Yorty,* 347 F.2d 222, 223 (9th Cir.1965)). The claim at issue did not satisfy those criteria.

530 F.3d 1124, 1130–31 (9th Cir. 2008).

Here, Plaintiff's Fourth Amended Complaint does not comply with pleading rules. The Court repeatedly warned Plaintiff to abide by pleading rules. Plaintiff was aware of this. Page 14 of his complaint discusses Rules 18 and 20. Page 15 names Rule 8(a), where he states "that the complaint herein is a clear and precise articulation of Plaintiffs case and meets the objective of Rule 8(a) in providing the defendants with precise notice of Plaintiffs legally cognizable grievances." While Plaintiff's Fourth Amended Complaint was significantly shorter than his previous ones, it still does not comply with pleading standards, as discussed above.

The situation here is similar to *McHenry* and *Schmidt*, where the Ninth Circuit affirmed dismissals with prejudice for failure to comply with pleading standards.

As in *McHenry*, Plaintiff has previously filed very long documents. *See* ECF Nos. 23 (133 pages), 27 (73 pages), 34 (57 pages), and 36 (167 pages). While Plaintiff did comply with the Court's recommendation that he file no more than a 20-page complaint, as in *McHenry*, this amended complaint "is argumentative, prolix, replete with redundancy, and largely irrelevant." *McHenry*, 84 F.3d at 1177. Therefore, as there, dismissal with prejudice is proper here. And as in *Schmidt*, the Fourth Amended Complaint is "a confusing statement," and "confusing, distracting, ambiguous, and unintelligible." 614 F.2d at 1224. Thus, Ninth Circuit precedent permits dismissals with prejudice.

9

In summary, Plaintiff's Third Amended Complaint is "so 'verbose, confused and redundant that its true substance, if any, is well disguised.'" *Hearns*, 530 F.3d at 1131 (quoting *Gillibeau*, 417 F.2d at 431). Therefore, dismissal is proper.

## VI.   CONCLUSION AND RECOMMENDATIONS

For the reasons described above, and in light of the multiple amended complaints, the Court recommends dismissal for failure to state a claim and failure to follow Rules 8, 18 and 20.

Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's Fourth Amended Complaint be Dismissed for with prejudice for failure to state a claim and failure to comply with Federal Rules of Civil Procedure 8, 18, and 20.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 8, 2020**                              /s/ *Erin P. Groj*
                                                       UNITED STATES MAGISTRATE JUDGE

10