UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY PAUL SMITH, | No. 2:21-cv-1992 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| MUNICIPALITY OF FRESNO COUNTY, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief under 42 U.S.C. § 1983. The action was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Plaintiff has filed a motion for settlement (ECF No. 81), three motions to change venue (ECF Nos. 83, 86, 89), and a request for production of documents (ECF No. 94). For the reasons stated below, each of these motions will be denied.

I.  BACKGROUND

This case was filed in the Fresno Division of the Eastern District on May 14, 2019. ECF No. 1. On October 29, 2021, after four amended complaints, an appeal to the Ninth Circuit, a cancelled settlement conference and multiple filings by the parties, the action was transferred to the Sacramento Division on the grounds that "surviving claims in this case concern events arising within the Sacramento Division." ECF No. 77 at 3.

II.    MOTION FOR SETTLEMENT

Plaintiff's motion for settlement states in relevant part that plaintiff wishes to change the last settlement offer that he made. ECF No. 81. On August 4, 2021, while this case was pending in the Fresno Division, an early settlement conference was ordered. ECF No. 61. Plaintiff wrote to the court stating that an early settlement conference was "NOT happening" and that there would be "NO early settlement conference." ECF No. 64 at 1, 3, 5 (letter docketed August 26, 2021). In a second letter docketed the same day, plaintiff stated, "There's to be NO early or late settlement conference. It's what plaintiff is demanding…." ECF No. 65 at 4. These letters were construed as motions to cancel the early settlement conference, and granted as such. See ECF No. 67.

Plaintiff's changed position regarding settlement does not support the scheduling of a settlement conference at this time. The parties are always free to communicate directly with each other about possible resolution of the case; plaintiff does not require leave of court to convey a settlement proposal to counsel for defendants. However, the court will not involve itself in settlement discussions at this time unless there is a joint request to schedule a settlement conference. Discovery is underway and set to close in July 2022, and dispositive motions are to be filed in September 2022. ECF No. 88 at 6. A settlement may be set in the court's discretion or at the request of the parties in the future if it appears that the case will proceed toward trial. At this time, the motion will be denied.

II.    MOTIONS TO CHANGE VENUE

Plaintiff has filed three motions for a change of venue. ECF Nos. 83, 86, 89. At the core of each motion is plaintiff's belief that he will not receive a fair trial in this court, or in this state for that matter. See ECF No. 83 at 2; ECF No, 86 at 2; ECF No. 89 at 1-3. In his most recently filed motion, plaintiff requests that venue in this matter be moved to Oregon. ECF No, 89 at 3.

"A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). "[I]n the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have

consented." 28 U.S.C. § 1404(a).

As the previously assigned magistrate judge noted, defendants Bishop and Brockway – the only defendants who remain in this action – were employed at Mule Creek State Prison at the time of the incident giving rise to plaintiff's claims. ECF No. 77 at 3. Mule Creek State Prison is located in Amador County, which is within the Sacramento Division of the Eastern District of California. See Local Rule 120(d). There is no basis for venue in Oregon, because the claims could not have been brough there. Nor have defendants consented to venue in Oregon or elsewhere outside the Eastern District. Nor has plaintiff identified facts which establish that the interests of justice support a change of venue. Because change of venue is not warranted under § 1404(a), plaintiff's motions must be denied.

### III. REQUEST FOR PRODUCTION OF DOCUMENTS

On May 9, 2022, plaintiff filed a request for production of documents. ECF No. 94. Plaintiff asks defendants to produce various incident reports, medical records, timecards, and similar materials. Id. at 1. As plaintiff was informed in the operative discovery and scheduling order, discovery requests are not to be filed with the court. ECF No. 88 at 5; see also Local Rule 250.3(c). Plaintiff should serve his discovery requests only on defendants, and not submit them to the court. If defendants fail to timely produce the requested materials, plaintiff may then file a motion compel production under Rule 37 of the Federal Rules of Civil Procedure. See Local Rule 230(l) (motions in prisoner cases). As specified in the discovery and scheduling order, Local Rule 251(motions dealing with discovery in non-prisoner cases) does not apply.

### CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a settlement conference (ECF No. 81) is DENIED;
2. Plaintiff's motions to change venue (ECF Nos. 83, 86, 89) are DENIED; and
3. Plaintiff's request for production of documents (ECF No. 94) is DENIED.

DATED: May 12, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE