UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY PAUL SMITH, | No. 2:21-cv-1992 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| MUNICIPALITY OF FRESNO, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 14, 2022, a document filed by plaintiff was docketed. ECF No. 102. The document is lengthy and difficult to understand. Due to the document's content (to the extent it can be deciphered), including what appear to be handwritten discovery requests and related narrative (see id. at 2-20), and the current stage of these proceedings, the court construes the filing as a motion to compel discovery.[1]

---

[1] In the motion, plaintiff also "requests summary judgment." ECF No. 102 at 6. The filing does not adhere to the guidelines for a summary judgment motion, however. See generally Fed. R. Civ. P. 56(a), (c); Local Rule 260. Moreover, a summary judgment motion appears to be premature. Summary judgment generally follows discovery. See Fed. R. Civ. P. 56(b) (motions for summary judgment to be filed no later than thirty days after close of all discovery).

1

Plaintiff's motion must be denied. Parties seeking to compel discovery must comply with Federal Rule of Civil Procedure 37. Pursuant to Rule 37(a), a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Rule 37(a)(2)(3), Fed. R. Civ. P. The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). In order for the court to be able to understand and adjudicate the discovery dispute, a pro se plaintiff must in plain and simple terms identify

> (1) which discovery requests are the subject of his motion to compel; (2) which of Defendants' response are disputed; (3) why he believes Defendants' responses are deficient; (4) why Defendants' objections are not justified; and (5) why the information he seeks through discovery is relevant to the prosecution of this action.

James v. Scribner, 2010 U.S. Dist. LEXIS 75891 at *2, 2010 WL 2605634 at *1 (E.D. Cal. June 28, 2010); see also Brooks v. Alameida, 2009 U.S. Dist. LEXIS 9568, 2009 WL 331358 at *2 (E.D. Cal. Feb. 10, 2009); Ellis v. Cambra, 2008 U.S. Dist. LEXIS 109050, 2008 WL 860523 at *4 (E.D. Cal. Mar. 27, 2008).

The court cannot readily determine from plaintiff's filing what discovery, if any, has been provided by defendants; the nature of any alleged inadequacy of production; the asserted bases for any refusal to produce or respond; on what ground plaintiff believes defendants' objections to be without merit; or why the information plaintiff seeks by this motion is important to the case. Plaintiff states that he has "been asking for all the documents all since [November] 2021[,]" ECF No. 102 at 21, but no coherent chronology is provided.

Because plaintiff's motion is procedurally defective, it will be denied as such without prejudice. If plaintiff files another motion to compel discovery, it must simply and plainly identify each discovery request at issue. As to each request, it must set forth defendants' response or objection, plaintiff's position as to the inadequacy of the response or invalidity of the objection, and an explanation of the information's significance. The motion must be organized in a way assists the court in reviewing the issues presented.

////

2

1  Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 102) is DENIED without prejudice.

DATED: July 26, 2022

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE