1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GARY PAUL SMITH,                          No.  2:21-cv-1992 KJM AC P

12                  Plaintiff,

13          v.                                  ORDER

14   MUNICIPALITY OF FRESNO, et al.,

15                  Defendants.

16

17

18          Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief under 42

19   U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28

20   U.S.C. § 636(b)(1)(B) and Local Rule 302.

21          Before the court is a document from plaintiff which contains multiple, unrelated motions.[1]

22   The document contains the following: a request for status;[2] a motion to appoint counsel; a motion

23

24   [1] To avoid confusion and in the interests of efficiency, plaintiff will be ordered to file unrelated
25   motions separately in the future and to make certain that their format complies with the federal
     civil procedure and local rules.
26   [2] With respect to the request for status, the court notes that at the time plaintiff filed the instant
     motions, there was no outstanding motion for the appointment of counsel on the docket, nor were
27   there any outstanding motions for a protective order or for sanctions against counsel for
     defendants.  For this reason, the request for status will be denied.  The court will, nevertheless,
28   address the motions in the instant document.

                                              1

1   for a protective order; a motion for sanctions; and a motion to compel discovery with a request for

2   costs.[3]  ECF Nos. 106, 110.  Defendants have filed an opposition to the motion to compel.  ECF

3   No. 109.  For the reasons stated below, plaintiff's request for status and each of his motions will

4   be denied.

5      I. MOTION FOR THE APPOINTMENT OF COUNSEL

6      In plaintiff's motion for the appointment of counsel, he asks that an attorney be appointed

7   for him because the issues in this case are becoming more complicated; he is unable to conduct

8   investigation; he is does not have the skills he believes he will need to cross-examine witnesses at

9   trial; expert testimony will be necessary; and he has limited access to the law library.  ECF No.

10  106 at 1-2.

11     The United States Supreme Court has ruled that district courts lack authority to require

12  counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490

13  U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary

14  assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017

15  (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

16     Plaintiff filed this action in May of 2019.  ECF No. 1.  Since then, he has been able to

17  respond adequately to court orders, and he has demonstrated that he has a solid understanding of

18  both his case and of what he needs to provide to defendants and to the court as this action

19  progresses.  For these reasons, the court does not find the required exceptional circumstances.

20  Therefore, plaintiff's request for the appointment of counsel will therefore be denied.

21     II. MOTION FOR SANCTIONS AND MOTION FOR A PROTECTIVE ORDER

22     In plaintiff's letter, he also asks why the court has not addressed his motion for a

23  protective order and motion for sanctions against Deputy Attorney General ("DAG") Zalesny.

24  ECF No. 106 at 2.  DAG Zalesny is counsel for defendants.  The docket does not contain a

25  previously filed motion for protective order and/or for sanction.  To the extent that the present

26  motion can be construed as seeking such relief, it is denied.

27

28  [3]  Plaintiff has also filed exhibits with the motion to compel.  See ECF No. 110.

1   Plaintiff contends that DAG Zalesny has violated Federal Rules of Civil Procedure 26, 27,

2   28, 30, 32, 33, and 34, and apparently Local Rule 110.  See ECF No. 106 at 2.  The majority of

3   these rules relate to discovery.  Plaintiff has not specified what conduct of defense counsel

4   violates which part of which rule, nor why sanctions for any violation are appropriate.

5   To the extent that plaintiff challenges counsel's refusal to send plaintiff a copy of the

6   transcript from the deposition taken on June 22, 2022[4] (see ECF No. 106 at 2), he is not entitled

7   to relief and DAG Zalesny was not being dishonest when he told plaintiff this.  See id. (plaintiff

8   accusing DAG Zalesny of lying and of perjury).  Although plaintiff is indigent and is proceeding

9   in forma pauperis, he is not entitled to receive free copies of deposition transcripts generated by

10  his case.  Tabron v. Grace, 6 F.3d 147, 158-59 (3rd Cir. 1993) (stating no statutory requirement

11  for government to provide in forma pauperis litigant with copies of deposition transcripts); see

12  generally 28 U.S.C. § 1915(a), (c) (permitting only waiver of prepayment of fees and costs for in

13  forma pauperis litigants as well as transcripts in certain situations or *if required by the court*).

14  Instead, plaintiff must obtain copies from the individual who has transcribed them, and he must

15  pay for those copies.  See Fed. R. Civ. P. 30(f)(3).

16  Plaintiff also seeks sanctions for DAG Zalesny's alleged refusal to allow plaintiff to ask

17  questions when he was scheduled to be deposed.  It is unclear who plaintiff wanted to question

18  and why.  He does not state that any of the defendants or a third party was being deposed, which

19  would have warranted questions by plaintiff.  If plaintiff intended to question DAG Zalesny, that

20  would have been improper as he is neither a party nor a witness in this action.  Plaintiff's own

21  testimony, to the extent he wishes to make a proffer outside the scope of his responses to

22  counsel's questions at his own deposition, can be presented in declaration form and need not be

23  included in the deposition transcript.

24  Finally, in support of sanctions, plaintiff mentions (but does not elaborate upon) his

25  "motion to terminate [the] deposition," presumably based upon his belief that "[the] deposition is

26

---

27  [4]  Although plaintiff references a "June 22, 2022," deposition date (see ECF No. 106 at 2),
    defendants' opposition to the motion to compel gives August 22, 2022, as the date of plaintiff's
28  noticed deposition (see ECF No. 109 at 9).

being done in very bad faith."  See ECF No. 106 at 2.  Here again, there is no clarity.  The court is unable to determine whether plaintiff is referring to the July 22, 2022, deposition or to defendants' attempt to depose plaintiff a second time.  See generally ECF No. 107 (defendants' pending motion to compel plaintiff's deposition).

In sum, plaintiff has presented no grounds for sanctions.  The motion will be denied.

### C.  Motion for Protective Order

Plaintiff's motion for a protective order must also be denied.  Plaintiff has failed to explain why he needs a protective order.  He has not provided the good faith certification required for one to issue.  See Fed. R. Civ. P. 26(c).  And he has not identified the harm he faces with the required specificity.  See Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3rd Cir. 1986) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not satisfy the Rule 26(c) test."); Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) (citing Cipollone).  Consequently, this motion will also be denied.

### III.  MOTION TO COMPEL DISCOVERY

### A.  Plaintiff's Motion to Compel

In plaintiff's motion to compel discovery, he asks the court to order defendants to fully answer twenty-five interrogatories he sent, but to which defendants still have not responded.  ECF No. 106 at 3.  He also asks the court to order production of documents he has requested that defendants have yet to provide.  Id.  Finally, plaintiff asks that defendants be required to pay him $635.00 – the costs he states incurred to file the motion given that defendants' refusal to answer his interrogatories and produce the requested documents has no substantial justification.  Id. at 3.

### B.  Defendants' Opposition

In defendants' opposition to the motion, they argue that plaintiff's motion to compel should be denied, because:;(1) prior to filing it, plaintiff did not attempt to meet and confer with them; (2) the motion does not sufficiently identify the discovery requests it concerns or the disputes regarding any of them, and (3) the motion fails to show that defendants' responses or that objections to plaintiff's discovery requests were deficient.  ECF No. 109 at 4-7.  Defendants point out that plaintiff has sent them discovery requests on three different dates – only one set of which

4

1    was timely – and that because plaintiff's motion provides no detail, they are unable to properly

2    produce specific discovery to him.  See id. at 5-6.  They also assert that because plaintiff's other

3    two production requests were untimely, their objections to them were justified and not deficient.

4    Id. at 7.  For these reasons, they argue, the motion to compel should be denied, and plaintiff is not

5    entitled to an award of expenses.  Id. at 1-2, 4, 7-8.

6              C.  Discussion

7         When filing a motion to compel, the movant is required to state the following: (1) which

8    discovery requests are the subject of the motion; (2) which responses are disputed; (3) why it is

9    believed that the responses are deficient; (4) why any objections are not justified; and (5) why the

10   information sought through discovery is relevant to the prosecution of the action.  McCoy v.

11   Ramirez, No. 1:13-cv-1808 MJS PC, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016) (citation

12   omitted).

13        A review of the part of plaintiff's letter that contains the motion to compel indicates that

14   defendants are correct:  Plaintiff has failed to clearly identify the discovery requests at issue or the

15   disputes related to them.  See ECF No. 106 at 3-4.  As currently written, the motion simply asks

16   the court to order production because plaintiff has not received responses.  See id. at 3.  Plaintiff

17   does not identify with any specificity what discovery he has asked defendants for and why it is

18   relevant.  See generally id. at 3-4.  Accordingly, plaintiff's request that defendants pay reasonable

19   expenses in the sum of $635.00 will be denied.

20                          CONCLUSION

21        Accordingly, IT IS HEREBY ORDERED that:

22        1.  The following motions made by plaintiff that are contained in the letter docketed

23   August 18, 2022 (ECF No. 106), are DENIED:

24             • Request for status;

25             • Motion for the appointment of counsel;

26             • Motion for sanctions;

27             • Motion for a protective order; and

28             • Motion to compel with costs.

2.  In the future, plaintiff shall file unrelated motions separately, and any motions filed must comply with the content and formatting indicated in the Federal Rules of Civil Procedure and Local Rules.

**Plaintiff is warned that his failure to file his motions separately and/or to his failure to conform his filings to these Rules will result in documents being disregarded and returned to him.**

DATED: September 26, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

6