UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY PAUL SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>MUNICIPALITY OF FRESNO COUNTY, et al.,<br><br>    Defendants. | No. 2:21-cv-1992 KJM AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff has submitted a letter requesting that the court rule on his motions and requesting that he be appointed counsel. ECF No. 116. Another letter has been docketed as a motion for deposition; it contains letter that contains a "second request for production of documents" as well as a "subvertive motion for deposition."[1] ECF No. 117. Most recently, plaintiff has filed a motion for the disqualification of judges. ECF No. 118. For the reasons stated below, these various requests and motions will be denied.

////

---

[1] These motions are rambling and largely unintelligible. Plaintiff appears to raise numerous issues that are unrelated to the relief requested in his captions. Plaintiff has previously been told that discrete requests for relief must be presented as separate motions, and that documents not complying with this directive will be disregarded. ECF No. 112 at 6. Here the court will address only those arguments that clearly relate to the titles plaintiff has provided for each document, identifying the relief he seeks.

I. REQUEST FOR RULING AND APPOINTMENT OF COUNSEL (ECF No. 116)

Plaintiff's request for a ruling in outstanding motions, ECF No. 116 at 1-6, was docketed on October 11, 2022. At that time, there were no outstanding motions. The request for a ruling will therefore be denied as moot.

Plaintiff's motion for appointment of counsel states that plaintiff is unable to afford counsel; his imprisonment limits his ability to litigate; the issues in this matter are complex and require significant research and investigation; and he has limited access to the law library due to COVID-19 and lockdowns. ECF No. 116 at 6.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors specified in Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Accordingly, his motion for the appointment of counsel will also be denied.

II. MOTION REGARDING DISCOVERY (ECF No. 117)

As far as the court can discern, plaintiff is contending that he will only allow himself to be deposed if the Office of the Attorney General sends him "any and all documents of relevance" which plaintiff has been unable to obtain to date. ECF No. 117 at 3. Citing to Federal Rule of

////

Civil Procedure 26(b), plaintiff argues that he "has a legal right to anything which is in any way relevant" to his claims or defenses. Id.

The parties' obligations to produce relevant documents in discovery is independent of the obligation to comply with a noticed deposition. Plaintiff has identified no defect in the noticing of his deposition, and no legal basis for the court to interfere in that deposition. See Fed. R. Civ. P. 30(a)(1), (b)(1) (permitting defendants to depose plaintiff if all parties are timely served with proper notice); see also ECF No. 88 at 5 (requiring fourteen days' notice to parties prior to deposition).

Insofar as plaintiff seeks to compel the production of documents,[2] see ECF No. 117 at 8-11, discovery closed on July 8, 2022. See ECF No. 88 at 6 (discovery and scheduling order stating motions to compel must be filed by July 8, 2022). The sole exception is defendants' continued deposition of plaintiff, which plaintiff has been ordered to attend and which is to take place no later than October 19, 2022. See ECF No. 114.

Plaintiff has previously been informed of the process for obtaining discovery and bringing motions to compel. See ECF No. 95. He has filed several prior discovery related motions, all of which have been denied for non-compliance with the rules and the court's instructions. ECF Nos. 95, 103, 112 (orders denying motions). Plaintiff did not timely seek an extension of the discovery deadline for the purposes of seeking documents, nor has he demonstrated good cause for the same. Accordingly, the discovery motion will be denied as untimely.

### III. MOTION FOR RECUSAL (ECF No. 118)

Plaintiff seeks the disqualification of the undersigned magistrate judge and U.S. District Judge Kimberly J. Mueller. ECF No. 118. Plaintiff alleges that the undersigned has colluded with the "sister court" and the California Office of the Attorney General ever since plaintiff withdrew his consent to magistrate judge jurisdiction. He alleges that the district judge has also

////

---

[2] To the extent this filing is intended as a request for production directed to defendants, it should not have been filed with the court. See Fed. R. Civ. P. 34(a) (production requests are to be served directly on parties).

engaged in "illegal shenanigans." Id. There are no supporting facts that identify the alleged acts of collusion or illegal shenanigans. Id.

Recusal is governed by 28 U.S.C. §§ 144 and 455. The Ninth Circuit has "held repeatedly that the challenged judge h[er]self should rule on the legal sufficiency of a recusal motion in the first instance." United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) (citing United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978) (collecting cases)). "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." 28 U.S.C. § 144. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under both recusal statutes, the substantive standard is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Studley, 783 F.2d at 939 (quoting Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (internal quotations omitted)).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. U.S., 510 U.S. 540, 555 (1994). Moreover, "[t]he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case." United States v. Grinnell Corp., 384 U.S. 563, 583 (1966) (citation omitted); see also Liteky, 510 U.S. at 551 ("Also not subject to deprecatory characterization as 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings.").

It appears that plaintiff's accusations of bias and collusion arise exclusively from the court's rulings and management of the case. This is insufficient as a matter of law to support recusal. Plaintiff has not identified any facts that would cause a reasonable person to challenge the impartiality of either judge assigned to this case. Accordingly, the undersigned will deny the motion as to herself and recommend that it also be denied as to the district judge.

////

CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request for a ruling and for the appointment of counsel, ECF No. 116, is DENIED;

2. Plaintiff's motion regarding discovery, ECF No. 117, is DENIED; and

3. Plaintiff's motion for disqualification, ECF No. 118, is DENIED as to the undersigned United States Magistrate Judge.

IT IS FURTHER RECOMMENDED that plaintiff's motion for disqualification, ECF No. 118, be DENIED as to the assigned United States District Judge.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 19, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE