UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY PAUL SMITH,<br><br>Plaintiff,<br><br>v.<br><br>MUNCIPALITY OF FRESNO, et al.,<br><br>Defendants. | No.  2:21-cv-1992 KJM AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Before the court is plaintiff's petition for writ of mandate, docketed October 19, 2022. ECF No. 120.  For the reasons stated below, the undersigned will recommend that the petition be denied.

I. PETITION FOR WRIT OF MANDATE

At the outset, the court notes that the petition is difficult to read and its content is confusing.  Additionally, the petition is written on a state court form, and it primarily cites to California Civil Procedure Code §§ 1085 and 1086 and to California case law for support.  See id. at 2-3.

The petition alleges violations of state law and of multiple constitutional rights by defendants Brockway and Bishop in July 2003.  ECF No. 120.  Specifically, plaintiff contends that in July 2003, defendants engaged in police misconduct and used excessive force against him when they forced him to stand up from his wheelchair.  Id. at 1, 3.  He states that when he complied with their orders, he fell on his face and hurt himself.  Id. at 3.  As a result, he had to get

fifteen stitches in his forehead, and he suffered broken bones in his nose and neck. Id. Plaintiff appears to argue that a writ of mandate is necessary to protect plaintiff's legal right to be free from arbitrary and illegal action of defendants. Id.

## II. DISCUSSION

The petition must be denied. The federal statute that governs writs does not permit a federal court to compel the performance of a state court or a state official. See generally 28 U.S.C. § 1651 (federal writ statute); see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984) (stating federal courts instructing state officials how to conform their conduct to state law is intrusive and directly conflicts with Eleventh Amendment principles of federalism); San Francisco County Democratic Cent. Committee v. Eu, 826 F.2d 814, 822 (9th Cir. 1987) (interpreting Pennhurst to hold that federal courts have no jurisdiction over action to compel state officials to adhere to state law). Furthermore, petitions filed in federal court in order to obtain a writ to compel a state court to take or to refrain from some action are frivolous as a matter of law. Demos v. U.S. Dist. Court for Eastern Dist. of Washington, 925 F.2d 1160, 1161-62 (9th Cir. 1991).

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's petition for a writ of mandate (ECF No. 120) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 3, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE