UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY PAUL SMITH, | No. 2:21-cv-1992 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| MUNICIPALITY OF FRESNO COUNTY, et al., | |
| Defendants. | |

Plaintiff, a former a state prisoner proceeding pro se, has filed a request for a motion to change venue, a motion to compel, and a motion for an extension of time. ECF Nos. 127, 128, 132, respectively. For the reasons stated below, each of these motions will be denied.

I.     MOTION FOR CHANGE OF VENUE

Plaintiff seeks a transfer of venue to Oregon, apparently on grounds that the docket has been updated to change the case name from "Smith v. Municipality of Fresno County" to "Smith v. Brockway." See ECF No. 127. Defendant Municipality of Fresno County has been dismissed, ECF No. 101, and the case is proceeding against defendants Brockway and Bishop only. The Clerk's redesignation of the case name on the docket has no legal effect.

Neither does the previous dismissal of several defendants' support venue in Oregon. Venue is proper in a judicial district in which a substantial part of the events or omissions giving

1

rise to the claim occurred.  28 U.S.C. § 1391(b)(2).  Plaintiff's motion does not identify any events occurring in Oregon.  Nor does it claim that the remaining defendants have ties to Oregon.  ECF No. 127.  To the contrary, the operative Fourth Amended Complaint states that Brockway and Bishop are employed at Mule Creek State Prison.  See ECF No. 41 at 2.  That prison is located in Ione, California.  Ione is in Amador County, which is within the Eastern District of California.  See 28 U.S.C. § 84(b).  Accordingly, plaintiff's motion for a change of venue will be denied.

II.   MOTION TO COMPEL

Plaintiff seeks to compel the production of documents.  ECF No. 128.  Defendants oppose the motion.  ECF No. 129.  They argue that plaintiff's discovery requests were not served on them; that in some cases, they are repetitive; and that the requests are invalid.  Id. at 3-4.  In addition, defendants argue that the motion is untimely.  Id. at 5.  Plaintiff has not filed a response to defendants' opposition.

The discovery and scheduling order in this case specifies that the deadline to file motions to compel discovery was July 8, 2022.  ECF No. 88 at 6.[1]  Plaintiff's motion was filed in November 2022, ECF No. 128 at 4, over four months too late.  The motion to compel will accordingly be denied as untimely.

III.   MOTION FOR AN EXTENSION OF TIME

Plaintiff has also filed a motion for a sixty-day extension of time.  ECF No. 132.  However, the motion fails to specify what deadline plaintiff seeks to extend or why an extension is needed.  Id.  It only states that plaintiff has moved to Kern County, has just located "the library, SS office etc. etc." and "needs the time to become acclimated."  Id.  The motion will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a change of venue (ECF No. 127) is DENIED;

2. Plaintiff's motion to compel (ECF No. 128) is DENIED; and

////

---

[1] The close of discovery was subsequently extended for the limited purpose of accomplishing plaintiff's deposition.  See ECF Nos. 100, 105.

2

3. Plaintiff's motion for an extension of time (ECF No. 132) is DENIED.

DATED: January 11, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE