UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY PAUL SMITH, | No. 2:21-cv-1992 DJC AC P |
| Plaintiff, | |
| v. | ORDER |
| MUNICIPALITY OF FRESNO, et al., | |
| Defendants. | |

Plaintiff, a former state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Several motions are before the court: (1) defendants' motion for summary judgment (ECF No. 135); (2) plaintiff's letter (ECF No. 138) which requests leave to amend the complaint, the disqualification of judges, and summary judgment in plaintiff's favor; and (3) a document which the court has construed to be plaintiff's second "motion for summary judgment" (ECF No. 144). For the reasons explained below, the court will refrain from considering these matters until plaintiff files the previously ordered in forma pauperis application for a non-prisoner and a response to the court's order to show cause issued March 6, 2023 (see ECF No. 136).

////

////

1

I. BACKGROUND

On January 20, 2023, defendants filed a timely motion for summary judgment. ECF No. 135. Just prior to defendants' filing, plaintiff had filed a notice of change of address, which indicated that he was no longer incarcerated. ECF No. 134. Accordingly, on March 6, 2023, plaintiff was ordered to file an in forma pauperis application for a non-prisoner and to do so within thirty days. ECF No. 136 at 2. In an effort to assist plaintiff, the Clerk of Court was directed to send plaintiff a copy of the non-prisoner in forma pauperis form. Id. In the same order, plaintiff was directed to show cause why defendants' motion for summary judgment should not be granted in light of his failure to timely file an opposition. See id.

To date, plaintiff has not returned the indigence application to the court, nor has he responded to the order to show cause. Instead, he has filed the outstanding motions at ECF Nos. 138 and 144.

II. DISCUSSION

The issue of plaintiff's in forma pauperis status must be resolved before the court considers any of the pending motions on their merits. Here the court considers only the issues addressed in its March 6 order.

A. Non-Prisoner In Forma Pauperis Application

A plaintiff may commence an action without prepayment of fees if he submits a sworn statement stating that he is unable to pay them. See generally 28 U.S.C. § 1915(a)(1). "A released prisoner may litigate without further prepayment of fees upon satisfying the poverty affidavit requirement applicable to all non-prisoners." McGann v. Comm'r, Soc. Sec. Admin., 96 F.3d 28, 30 (2d Cir. 1996); Adler v. Gonzalez, No. 1:11-cv-1915 LJO, 2015 WL 4041771, at *2 (E.D. Cal. July 1, 2015), report and recommendation adopted, No. 1:11-cv-1915 LJO MJS, 2015 WL 4668668 (E.D. Cal. Aug. 6, 2015) (stating released prisoner must submit updated IFP application in order to proceed in forma pauperis under Section 1915(a)(1)). "After release, the obligation to pay the remainder of the fees is to be determined solely on the question of whether the released individual qualifies for pauper status." In re Prison Litig. Reform Act, 105 F.3d 1131, 1139 (6th Cir. 1997).

As a person who has been released from prison, if plaintiff wishes to continue to proceed in forma pauperis, he must first complete and file a non-prisoner indigence application in this court.[1] In the alternative, plaintiff may choose to pay what remains of the filing fee. The pending motions in this matter will not be considered until the fee issue is resolved. Accordingly, the Clerk of Court will be directed to send plaintiff another copy of the court's non-prisoner in forma pauperis application, and for a ***final*** time, plaintiff will be ordered to complete and to file it with the court and do so within thirty days.

### B. Order to Show Cause Why Defendants' Motion for Summary Judgment Should Not Be Granted

Federal Rule of Civil Procedure 56 governs motions for summary judgment. See Fed. R. Civ. P. 56; Heinemann v. Satterberg, 31 F.3d 914, 916 (9th Cir. 2013) (stating same). The failure of a responding party to file an opposition or a statement of non-opposition to a motion may be determined to be a waiver of any opposition to the granting of a motion and may result in the imposition of sanctions. Local Rules 110, 230(l).

The Rand Notice which accompanied defendants' motion for summary judgment clearly informed plaintiff how to properly file an opposition to the motion.[2] See ECF No. 135-1. It also informed plaintiff that a failure to submit evidence in opposition to the summary judgment motion might lead to judgment being entered against him. See id. at 2. Local Rule 260 also provides information on how to oppose a motion for summary judgment. See generally Local Rule 260.

Plaintiff's March 22 filing stated, among other things, that he was unable to challenge defendants' summary judgment motion. See ECF No. 138 at 3 (plaintiff stating he cannot challenge defendants' motion for summary judgment and questioning propriety of defendants' filing of the motion). This statement, coupled with the fact that plaintiff has failed to timely file an opposition that complies with Local Rules 230 and 260, could reasonably support a finding

---

[1] In the alternative, plaintiff can pay the remainder of the filing fee.
[2] The court's discovery and scheduling order, issued March 7, 2022, also provided the plaintiff with information regarding how to respond to a motion for summary judgment. See ECF No. 88 at 6-7.

that plaintiff does not oppose defendants' summary judgment motion. Furthermore, plaintiff's failure to properly respond to the court's order to show cause supports the imposition of sanctions on plaintiff in the form of an outright dismissal of this case.

However, because plaintiff is a pro se litigant, the court will neither make such a finding, nor impose such sanctions at this time. Instead, the court will direct the Clerk of Court to send plaintiff a copy of the Rand Notice defendants previously sent to plaintiff,[3] as well as copies of Federal Rule of Civil Procedure 56 and Local Rules 230 and 260. Plaintiff will be given a ***final*** opportunity to timely file a proper response to defendants' motion for summary judgment that is consistent with these rules and federal law.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall send plaintiff copies of the following:
   a. This court's application to proceed in forma pauperis for a non-prisoner;
   b. The Rand Notice included in defendants' motion for summary judgment (ECF No. 135-1);
   c. Federal Rule of Civil Procedure 56; and
   d. Local Rules 230 and 260.
2. Within thirty days from the date of this order, plaintiff shall file:
   a. The completed application to proceed in forma pauperis by a non-prisoner; ***and***
   b. Either an opposition to defendants' motion for summary judgment or a statement of non-opposition to the motion which complies with the Rand Notice and federal and local rules.

////
////
////
////

---

[3] Given the size of defendants' 280-plus-page motion for summary judgment, the court will limit the copies to be sent to plaintiff to defendants' Rand Notice and the federal and local rules identified herein.

4

**3.  Plaintiff's failure to fully and timely comply with this order in its entirety will result in a recommendation that this matter be dismissed for failure to comply with court orders.**

DATED: June 6, 2023

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE