UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY PAUL SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>MUNICIPALITY OF FRESNO COUNTY, et al.,<br><br>    Defendants. | No.  2:21-cv-1992 DJC AC P<br><br><br><br>ORDER |

Plaintiff, a former state prisoner proceeding pro se, seeks relief under 42 U.S.C. § 1983. Before the court are plaintiff's omnibus motion to amend the complaint and to disqualify judges, which also includes a conclusory statement of opposition to defendants' pending summary judgment motion and purports to seek summary judgment in plaintiff's favor.  ECF No. 138. Plaintiff has also filed a motion for an extension of time to file: (1) an in forma pauperis application for a non-prisoner, and (2) an opposition to defendants' motion for summary judgment.  ECF No. 148.

For the reasons stated below, plaintiff's motion to amend the complaint and to disqualify judges will be denied.  The statement of opposition to defendants' summary judgment motion will be disregarded, as will defendants' reply to it, and plaintiff will be provided additional time to submit a proper opposition.

1

I. MOTION TO AMEND

Plaintiff's motion to amend the complaint[1] must be denied. This case is proceeding on the Fourth Amended Complaint, ECF No. 41, which was served on two defendants over two years ago following remand from the Ninth Circuit. ECF Nos. 54, 55. Defendants answered in October 2021. ECF No. 73. Discovery has closed, and defendants have moved for summary judgment. ECF No. 135. Plaintiff seeks to now add as defendants "every judge" and "all Clerks" in both divisions of the U.S. District Court for the Eastern District of California, ECF No. 138 at 2, and various elected and appointed officials including the President, the Governor, and the Chief Justice of the United States Supreme Court, id. at 5.

Plaintiff's opportunity to amend as a matter of course has long since passed. See Fed. R. Civ. P. 15(a)(1). Accordingly, amendment is permitted only with the opposing party's written consent or with leave of court. Fed. R. Civ. P. 15(a)(2). Defendants do not consent to amendment. See ECF No. 141 (opposition). Leave of court is appropriate only when justice requires amendment, Fed. R. Civ. P. 15(a)(2), and that is manifestly not the case here.

"Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile. Additionally, the district court may consider the factor of undue delay." Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999) (citations omitted). Here these factors all weigh against amendment. Plaintiff has provided no legal or factual basis for expanding the case at this late date to include numerous additional defendants, most of whom are immune from suit in any event. None of the defendants identified in the motion to amend can plausibly be liable for the alleged conduct of defendants Bishop and Brockway, and that is the only live issue in this case. Plaintiff has proffered no new factual allegations and no new claims; any such allegations or claims against the proposed defendants would almost certainly be frivolous. For these reasons, plaintiff's motion to amend the complaint will be denied.

////

---

[1] See ECF No. 138 at 2 ("Motion One"), 5 ("Motion Six").

## II. MOTION TO DISQUALIFY JUDGES

Plaintiff's motion requesting that the undersigned disqualify herself (see ECF No. 138 at 2-3) must also be denied.[2] The Ninth Circuit has held repeatedly that the challenged judge h[er]self should rule on the legal sufficiency of a recusal motion in the first instance. United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986).  "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." 28 U.S.C. § 144. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under both recusal statutes, the substantive standard is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Studley, 783 F.2d at 939 (quoting Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (internal quotations omitted)).

In support of his request, plaintiff alleges that the undersigned is corrupt, biased, and has engaged in "collusion, misconduct, professional negligence, [and] perjury." ECF No. 138 at 2. Plaintiff also alleges that the undersigned is romantically involved with counsel for the defendants. Id. However, plaintiff provides no support whatsoever for any of his allegations. Id. "Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" are insufficient to support a successful recusal motion. Clemens v. United States District Court for Central District of California, 428 F.3d 1175, 1178 (9th Cir 2005) (per curiam) (internal quotation marks omitted). Because plaintiff's allegations are wholly unsupported, his motion for disqualification must be denied.

## III. PLAINTIFF'S "OPPOSITION" TO MOTION FOR SUMMARY JUDGMENT

The court has already found that plaintiff's conclusory statement of opposition is insufficient to oppose defendants' motion for summary judgment. ECF No. 145 at 3-4. Both plaintiff's statement of opposition, ECF No. 138 at 3, and defendant's reply to it, ECF No. 141,

---

[2] Plaintiff also requests that judges other than the undersigned disqualify themselves. See ECF No. 138 at 2. However, none of those judges are assigned to this case.

will be disregarded. After plaintiff has filed a new opposition to defendants' motion for summary judgment as ordered below, defendants may file a reply.

### IV. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The motion at ECF No. 138 purports to seek summary judgment in plaintiff's favor, id. at 4 ("Motion Five"), but it does not comply with any of the requirements for a summary judgment motion under Fed. R. Civ. P. 56 and Local Rule 260. Plaintiff has since filed a freestanding motion for summary judgment, ECF No. 144. The undersigned construes the motion at ECF No.144 as superseding the motion at ECF No. 138. The motion at ECF No. 144 will be addressed in due course.

### V. PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME

Plaintiff seeks an extension of time to respond to the court's June 7 order directing him to submit a completed Motion to Proceed IFP by a non-prisoner and to file a proper response to defendants' motion for summary judgment. ECF No. 148. At the outset, the court notes that this motion appears to be a copy of an extension of time request that plaintiff filed in January of 2023 in the California Court of Appeal for the Fifth District. See id. at 1 (state appellate court stamp on left side of page; writing on bottom of page one; plaintiff's request for a sixty-day extension of time until 3/20/23). Plaintiff states in part that he is in a transitional living situation, that his disability prevents him from using a bus for transportation to get to a law library, and that he needs additional time to do research. Id.

The court cannot determine whether the impediments asserted still exist and prevent plaintiff from timely responding to this court's June 2023 order. However, given plaintiff's pro se status, his post-prison placement in a new environment in which access to a law library may not be as readily accessible to him, and in the interests of justice, the court will grant plaintiff an additional thirty days to file the non-prisoner in forma pauperis application and an opposition to defendants' summary judgment motion.

////
////
////

4

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's omnibus motion at ECF No. 138 is DENIED;

2. Plaintiff's motion for an extension of time, ECF No. 148, is GRANTED IN PART;

3. The Clerk of Court shall send plaintiff copies of the following:

   a. This court's application to proceed in forma pauperis for a non-prisoner;

   b. The Rand Notice included in defendants' motion for summary judgment (see ECF No. 135-1);

   c. Federal Rule of Civil Procedure 56; and

   d. Local Rules 230 and 260.

4. Within thirty days from the date of this order, plaintiff shall file:

   a. The completed application to proceed in forma pauperis by a non-prisoner, *and*

   b. Either an opposition to defendants' motion for summary judgment *or* a statement of non-opposition to the motion which complies with the Rand Notice and federal and local rules.

**Plaintiff is cautioned that failure to comply with the court's order within the time allotted may result in a recommendation that this action be dismissed. Plaintiff is further cautioned that absent exigent circumstances, no additional extensions of time will be granted.**

DATED: August 16, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5